UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

          Plaintiff,

  v.

CHASE BANK, et al.,

          Defendants.

CASE NO. 3:23-CV-5643-BHS

REPORT AND RECOMMENDATION

Noting Date: August 11, 2023

The District Court has referred Plaintiff Tiffany Recinos's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On July 21, 2023, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

In determining whether IFP should be granted in this case, the Court has reviewed the proposed complaint and finds the instant matter fails to state a claim upon which relief can be granted. Therefore, the Court recommends this case be dismissed without prejudice and the Application to Proceed IFP (Dkt. 1) be denied.

**Review of the Proposed Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Plaintiff filed this complaint *pro se*, the Court has construed

the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In her proposed complaint, Plaintiff names Chase Bank and Mike Kreidler, the Washington State Insurance Commissioner, as defendants. Dkt. 1-1. Plaintiff states a home insurance claim was approved in September of 2022. *Id*. She alleges she noticed that her credit card was changed to a loan without her permission on July 16, 2023. *Id*. She states the Mormon Church intervened with Chase Bank to quiet this situation. *Id*. Plaintiff states the loan was removed from her view, no one admitted to participating in the activity, and she believes the loan is still "floating in cyber space to be attached to her in the future." *Id*. at 4.

**Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

REPORT AND RECOMMENDATION - 2

Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12 (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to dismiss a frivolous complaint sua sponte, even in absence of an express statutory provision).

Here, Plaintiff's proposed complaint is difficult to comprehend. Plaintiff claims the insurance commissioner approved a home insurance claim with no funding to pay for it and then tried to make Plaintiff pay through a home loan refinance. Dkt. 1-1. Plaintiff states that no home loan existed so a loan was illegally added to her credit card account. *Id*. Plaintiff does not explain the wrong-doing of Chase Bank or Mike Kreidler and the legal basis for Plaintiff's claims is unclear. She provides a conclusory statement alleging her constitutional rights of life, liberty, and the pursuit of happiness were violated, but has not provided any allegations explaining how these Defendants violated her rights. *Id*. at 3. Moreover, she alleges that all parties are located in the State of Washington; thus, there is no diversity jurisdiction. Finally, Plaintiff requests the loan be removed from her name, but states that the loan was removed and she simply believes it is "floating in cyber space and will be attached to her in the future." *Id*. at 4. After consideration of the allegations in the proposed complaint, the Court finds the proposed complaint does not state a claim for which relief can be granted.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). As

Plaintiff's proposed complaint does not appear to have any basis in law and the claims against Defendants appear to be based solely on conjecture, the Court finds any attempt by Plaintiff to amend the proposed complaint would be futile. As such, the Court finds Plaintiff should not be afforded leave to amend her proposed complaint.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Because Plaintiff's proposed complaint fails to state a claim, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied.

**Conclusion.** For the above stated reasons, the undersigned recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied and this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on August 11, 2023, as noted in the caption.

Dated this 24th day of July, 2023.

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4